986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry VANDIVER, Plaintiff-Appellant,
Calvin Sawyer, Plaintiff,
v.
C. AVERY, Defendant-Appellee.
 No. 91-1069.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1993.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Jerry VanDiver challenges the district court's order to dismiss for failure to state a claim plaintiff's pro se complaint alleging that state prison officials violated his constitutional rights of procedural due process and of access to the courts by seizing his legal materials. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Plaintiff is a prisoner who was formerly housed at the State Prison of Southeastern Michigan in Jackson, Michigan. In September 1989, while at the Jackson prison, prison officials seized legal materials from his cell. An administrative hearing regarding the return of these materials was held later the same month. On October 26, 1989, plaintiff filed a pro se complaint against defendant C. Avery, a resident unit manager at the prison, alleging that defendant failed to give him notice of the hearing as required by Wolff v. McDonnell, 418 U.S. 539 (1974); that defendant improperly conducted the hearing even though not authorized to do so under the consent judgment in Hadix v. Johnson, 712 F.Supp. 550 (E.D.Mich.1989), aff'd in part, rev'd in part, Knop v. Johnson, 977 F.2d 996 (6th Cir.1992), a class action previously brought against the prison; and that the seizure deprived plaintiff of his right of access to the courts under Johnson v. Avery, 393 U.S. 483 (1969) and Bounds v. Smith, 430 U.S. 817 (1977) because he could neither pursue his own legal matters nor aid other inmates.
 
 
 3
 Upon defendant's motion to dismiss for failure to state a claim, the magistrate judge to whom the case had been referred recommended that the motion be granted. Specifically, the magistrate judge found that plaintiff had received sufficient notice three days prior to the hearing and that defendant could properly conduct the hearing regarding plaintiff's legal materials; thus, there was no violation of Wolff or Hadix. The magistrate judge also found that plaintiff had failed to allege prejudice amounting to a denial of the right of access to the courts under Johnson or Bounds. Upon review of the magistrate judge's recommendation, the district court accepted and adopted the recommendation in its entirety and entered an order that plaintiff's complaint be dismissed.
 
 
 4
 We likewise find that the magistrate judge's recommendation thoroughly and correctly addressed the claims of plaintiff; therefore, we AFFIRM the district court's order dismissing plaintiff's complaint for failure to state a claim.